IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ROBERT SHAMBLIN,**

      **Plaintiff,**

v.                                      Case No. 3:18-cv-00243

**WEST VIRGINIA REGIONAL
JAIL AUTHORITY; CORRECTIONAL
OFFICER MORRISON; CORRECTIONAL
OFFICER YORK; and CORRECTIONAL
OFFICER HORNER,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2); Defendants' Motion to Dismiss Complaint, (ECF No. 16); and Defendants' Motion to Designate Their Motion to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute, (ECF No. 32). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Designate Their Motion to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute, (ECF No. 32), be **GRANTED**; Defendants' Motion to Dismiss the Complaint be **DENIED**, as moot; the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and

1

L. R. Civ. P. 41.1.; and that this action be removed from the docket of the Court.

## I.     **Relevant History**

On February 1, 2018, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs and the Complaint herein, alleging that he fell off a loading dock at the Western Regional Jail in Barboursville, West Virginia on May 11, 2016 while working as an inmate trustee, injuring his back and foot. According to Plaintiff, he complained about constant pain in his back after the fall, but was not taken to a hospital for treatment until days later. (ECF No. 2). Plaintiff requested monetary compensation for his pain, suffering, anxiety, loss of wages, and feelings of worthlessness related to physical injuries that he sustained in the fall. Plaintiff amended the complaint on February 8, 2018, adding additional factual allegations. (ECF No. 6).

On February 20, 2018, the undersigned granted Plaintiff's application to proceed *in forma pauperis* and ordered summonses to be issued and served on the defendants. (ECF No. 8). Process was served, and the defendants filed a Motion to Dismiss the complaint on March 20, 2018. (ECF No. 16). The undersigned entered an Order, notifying Plaintiff that he had a right to respond to the dispositive motion and giving him four weeks to do so. (ECF No. 21). The Order was mailed to the address provided by Plaintiff, but was returned as undeliverable, with a notation that Plaintiff was no longer located at the facility. (ECF No. 22). Although by that time, Plaintiff had been twice advised of his obligation to notify the Clerk of Court of any change in his contact information, Plaintiff had not provided a forwarding address. (ECF No. 4 at 5; ECF No 8 at 2).

On May 7, 2018, the undersigned entered an Order setting the case for status conference. (ECF No. 25). Again, the Order was returned to the Clerk as undeliverable. (ECF No. 30). However, at the status conference, which Plaintiff did not attend, counsel

for Defendants provided an updated address that they had obtained for Plaintiff. (ECF No. 29). Accordingly, the Court entered an Order at the close of the status conference, noting Plaintiff's failure to keep the Clerk informed of his change of address, granting Plaintiff additional time to respond to the pending Motion to Dismiss, and warning Plaintiff that his failure to keep the Clerk apprised of his whereabouts could result in a dismissal of his case for failure to prosecute, or for failure to abide by a court order. (ECF No. 28). The Clerk was instructed to send the Order to Plaintiff at the most recent address supplied by Defendants. Nevertheless, this address also proved to be incorrect, as the Order was returned to the Clerk as undeliverable, with no forwarding address. (ECF No. 31).

On June 5, 2018, Defendants filed a Motion to Designate Their Motion to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute. (ECF No. 32). In their motion, Defendants pointed out that Plaintiff was repeatedly advised of his obligation to notify the Clerk of changes to his contact information, yet he failed to do so. Defendants further argued that more than two months had passed with no response to their motion to dismiss, and Plaintiff had failed to participate in any case-related activities since filing the complaint. Therefore, Defendants asked for dismissal of the complaint for Plaintiff's failure to prosecute. Another two months have passed since Defendants filed their Motion, with no communication from Plaintiff. He has not provided an update of his contact information, and his current whereabouts are unknown.

## II. **Discussion**

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the United States Supreme Court explained in *Link,* such a

3

sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[1]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v.*

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

4

*Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Plaintiff received the first two orders advising him of his obligation to timely notify the Clerk of Court of any changes in his address; yet, he failed to abide by that directive. Moreover, since initiating the case in February 2018, Plaintiff has made no effort to check on the status of this case, nor has he participated in any case-related activities. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for six and half months, with a motion to dismiss pending for over four months. During the last six months, there has been no action by, nor communication from Plaintiff. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has now disregarded two court orders, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. Finally, because Plaintiff's whereabouts are unknown, the Court is left with only two options: dismiss the case, or allow it to sit on the docket dormant. The latter option is patently unfair to the defendants.

While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's abrupt abandonment of his claim is unknown. Therefore, the undersigned recommends that dismissal be without prejudice to account for the unlikely possibility that Plaintiff's dilatoriness is excusable and there is good cause and a basis to either reopen or reinstitute the claim.

### III. <u>Proposal and Recommendation</u>

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Defendants' Motion to Designate Their Motion to Dismiss as Unopposed and to Dismiss Plaintiff's Complaint for Failure to Prosecute, (ECF No. 32), be **GRANTED**; Defendants' Motion to Dismiss the Complaint be **DENIED**, as moot; the complaint be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1.; and that this action be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the adverse party, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and counsel of record.

**DATED**:  August 15, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge